**EX PARTE Marlon A. SCOTT, Applicant**

**NO. WR–84,415–01**

Court of Criminal Appeals of Texas.

Filed: June 15, 2016

---

**61.** *Id.*

Marlon A. Scott, Gatesville, TX, Applicant pro se.

Andrea Jacobs, Assistant District Attorney, Fort Worth, TX, Lisa C. McMinn, State's Attorney, Austin, for the State.

Application for writ of habeas corpus denied.

## CONCURRING OPINION

ALCALA, J., filed a concurring opinion in which JOHNSON, J., joined.

This is another claim of ineffective assistance of counsel addressed by this Court based on pleadings that have been presented by a *pro se* litigant. I respectfully concur in this Court's judgment rejecting applicant's claim. I write separately to explain why I conclude that this does not appear to be a case in which it is necessary for this Court to remand the case to the habeas court for it to consider whether the Code of Criminal Procedure would require the appointment of habeas counsel in the interests of justice.

Article 1.051 of the Code of Criminal Procedure provides that an indigent habeas applicant is entitled to the assistance of appointed counsel in a habeas proceeding when the trial court determines that the interests of justice require representation. TEX.CODE CRIM. PROC. art. 1.051. It states,

> (d) An eligible indigent defendant is entitled to have the trial court appoint an attorney to represent him in the following appellate and postconviction habeas corpus matters: ...
> (3) a habeas corpus proceeding if the court concludes that the interests of justice require representation[.]

*Id.*

This Court has yet to define what the term "interests of justice" means in this context. In numerous orders, however, this Court has compelled the appointment of counsel for live hearings involving indigent *pro se* habeas applicants who request counsel, and everyone appears to agree that the term "interests of justice" includes that situation. *See id.* I, however, would more broadly hold that the term also includes the mandatory appointment of counsel for indigent *pro se* applicants who request counsel and have made a minimal threshold showing of a colorable ineffective-assistance claim. *See Ex parte Garcia,* 486 S.W.3d 565, 575 (Tex.Crim. App.2016) (Alcala, J., dissenting). In my dissenting opinion in *Garcia,* I noted that such an approach would further the important goal of ensuring that applicants' substantial claims of ineffective assistance of counsel are afforded meaningful consideration by this Court on post-conviction review, thereby reducing the likelihood that violations of defendants' Sixth Amendment rights will go unremedied. *Id.,* at 575, 578. It is clear to me, however, that the interests of justice would not require appointed counsel for an applicant who has presented nothing more than a frivolous or facially non-meritorious claim, given that the appointment of counsel under those circumstances would not likely affect the outcome of his habeas proceeding. *Id.*

Here, in making my decision that applicant has not presented a colorable claim that would require a remand for the appointment of habeas counsel in the interests of justice, I have (1) liberally construed applicant's *pro se* pleadings that complained of ineffective assistance of counsel and have considered applicant's complaints for substantive merit rather than for technical procedural compliance, and (2) determined that the habeas court has adequately addressed the substance of applicant's complaints by weighing appli-

cant's trial counsel's affidavit responding to applicant's allegations. This liberal approach to construing the pleadings is firmly recognized as appropriate in light of applicant's status as a *pro se* litigant. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (*pro se* complaint "is to be liberally construed"); *Hernandez v. Thaler*, 630 F.3d 420, 426–27 (5th Cir.2011) (filings by habeas petitioners are "entitled to the benefit of liberal construction"; "[i]t is the substance of the relief sought by a *pro se* pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of a habeas filing"). Appellate courts have a duty to liberally construe *pro se* pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam) (a *pro se* inmate's petition should be viewed liberally and is not held to the stringent standards applied to formal pleadings drafted by attorneys); *see also Estelle*, 429 U.S. at 106, 97 S.Ct. 285; *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir.2002) ("*Pro se* habeas petitioners are to be afforded the benefit of any doubt.") (citations omitted). The United States Tenth Circuit Court of Appeals has stated,

> The mandated liberal construction afforded to *pro se* pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir.1999)(quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991)). It is well established that this is a proper judicial function that does not transform a judge into an advocate for a habeas applicant. *See id.* (explaining that, although a court "should not assume the role of [an] advocate for the *pro se* litigant and may not rewrite a petition to include claims that were never presented," a court acts properly when it "look[s] carefully at the facts and the pleadings in an effort to ascertain what occurred in prior state proceedings and the true nature of petitioner's claims").

I have never suggested that a judge should be an advocate for an applicant or that a judge must exhaustively review the record for any possible claims, and any such aspersion would unfairly oversimplify and mischaracterize my position that merely adopts the approach used by the Supreme Court and federal circuit courts for decades.

Based on my review of the pleadings and their substantive merit in light of the record before us, it does not appear that applicant has met his threshold burden to show that he may have any colorable ineffective-assistance claims. On that basis, I conclude that applicant is not entitled to appointed counsel under the current Texas statutory scheme that provides for the appointment of counsel in the interests of justice. With these comments, I concur in the Court's judgment.

## CONCURRING OPINION

YEARY, J., filed a concurring opinion, in which KEASLER, and HERVEY, JJ., joined.

Adhering to the views expressed in my concurring opinion in *Ex parte Pointer*, 492 S.W.3d 318 (Tex.Crim.App.2016), I join in the Court's disposition of this case.