

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-85,015-01

### EX PARTE KWESIE WILSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 14F0523-005-A IN THE 5TH DISTRICT COURT
### FROM BOWIE COUNTY

**ALCALA, J., filed a concurring opinion in which JOHNSON, J., joined.**

### CONCURRING OPINION

I respectfully concur in this Court's order that remands this application to the convicting court. I, however, do not join the Court's order. For the reasons explained in my concurring opinion in *Ex parte Pointer*, I would include language in the Court's order advising the habeas court of its statutory obligation to appoint post-conviction counsel to an indigent *pro se* habeas applicant if the court determines that the interests of justice require representation. *See Ex parte Pointer*, Nos. WR-84,786-01 & WR-84,786-02 (Tex. Crim. App. June 8, 2016) (Alcala, J., concurring) (citing TEX. CODE CRIM. PROC. art. 1.051(d)(3) ("An eligible indigent defendant is entitled to have the trial court appoint an attorney to

represent him in . . . a habeas corpus proceeding if the court concludes that the interests of justice require representation")). Because the Court's order omits any reference to this statutory provision that entitles an indigent *pro se* habeas applicant to appointed counsel under certain circumstances, I cannot join the Court's order.

More broadly, in accordance with the reasoning of my dissenting opinion in *Ex parte Garcia*, No. WR-83,681-01, 2016 WL 1358947 (Tex. Crim. App. Apr. 6, 2016), I would encourage habeas courts to utilize the statutory authority in Article 1.051 in order to liberally appoint counsel for *pro se* applicants who appear to have colorable ineffective-assistance-of-counsel claims. Such a course, I believe, will improve the integrity of the criminal-justice system by ensuring that defendants' bedrock Sixth Amendment rights are adequately protected through a more rigorous system of post-conviction review.[1]

With these comments, I respectfully concur.

Filed: June 15, 2016

---

[1] Last week, I issued four opinions discussing my position that indigent defendants with colorable ineffective-assistance-of-counsel claims should be appointed counsel in the interests of justice. *See Ex parte Honish*, No. WR-79,976-05 (Tex. Crim. App. June 8, 2016) (Alcala, J., dissenting); *Ex parte Desilets*, No. WR-76,998-02 (Tex. Crim. App. June 8, 2016) (Alcala, J., dissenting); *Ex parte Davis*, No. WR-84,123-01 (Tex. Crim. App. June 8, 2016) (Alcala, J., dissenting); *Ex parte Pointer*, Nos. WR-84,786-01 & WR-84,786-02 (Tex. Crim. App. June 8, 2016) (Alcala, J., concurring). I note that a majority of the judges on this Court appear to disagree with the simple application of the plain language of the statute that mandates the appointment of counsel in these situations. *See Ex parte Garcia*, No. WR-83,681-01, 2016 WL 1358947 (Tex. Crim. App. Apr. 6, 2016) (Keller, P.J., concurring); *Ex parte Pointer*, Nos. WR-84,786-01 & WR-84,786-02 (Tex. Crim. App. June 8, 2016) (Yeary, J., concurring, joined by Keasler, Hervey, and Newell, JJ.). Given this Court's refusal to apply the plain statutory language under these circumstances, I have no option but to urge the Legislature to step in to correct this injustice.

Do not publish