

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-84,786-01 & WR-84,786-02

## EX PARTE JEFFREY SHAWN POINTER, Applicant

## ON APPLICATIONS FOR WRIT OF HABEAS CORPUS
## CAUSE NOS. CR07-300A & CR07-301A IN THE 235TH DISTRICT COURT
## COOKE COUNTY

**ALCALA, J., filed a concurring opinion in which JOHNSON, J., joined.**

## CONCURRING OPINION

This is another claim of ineffective assistance of counsel addressed by this Court based on pleadings that have been presented by a *pro se* litigant. I respectfully concur in this Court's order that remands this *pro se* habeas application to the convicting court for further development of the record. I, however, do not join the Court's order because it fails to accurately track the statutory language in the Code of Criminal Procedure, in that it improperly limits an indigent habeas applicant's entitlement to the assistance of appointed

counsel to situations involving a live hearing on remand.[1]

This Court's order should not instruct the habeas court to appoint counsel to an indigent habeas applicant only in the event of a live hearing on remand. Rather, to comply with the statutory requirements in the Code, this Court's order should instead more broadly require a habeas court to appoint counsel in a wider range of circumstances. The plain language in the Code mandates a habeas court to appoint counsel for an indigent habeas applicant when the interests of justice require it. Article 1.051 of the Code of Criminal Procedure states,

> (d) An eligible indigent defendant is entitled to have the trial court appoint an attorney to represent him in the following appellate and postconviction habeas corpus matters: . . .
> (3) a habeas corpus proceeding if the court concludes that the interests of justice require representation[.]

See TEX. CODE CRIM. PROC. art. 1.051(d)(3). In view of this statutory authority, this Court's order should instruct the habeas court to appoint counsel (1) when the habeas court holds a hearing, or, in any event, (2) when the interests of justice require representation in a habeas proceeding regardless of whether there is a hearing. Although the Code does not define the term "interests of justice," that term, as it applies here, refers to a judge's discretion to make

---

[1] I note that this Court's order cites to Code of Criminal Procedure Article 26.04, but that article does not suggest that counsel must be appointed only in the event of a live hearing. Rather, Article 26.04 more broadly indicates that a court "shall appoint" counsel "for purposes of a criminal proceeding" whenever the court determines "that the interests of justice require representation of a defendant in the proceeding[.]" TEX. CODE CRIM. PROC. art. 26.04(c). Given its reference to the necessity of appointing counsel in any "criminal proceeding" in which the interests of justice require it, I can see no basis in Article 26.04 for instructing habeas courts to appoint counsel to indigent applicants only in the event of a live hearing.

a ruling in the interests of fairness and equity in a particular situation depending on the facts.[2]

In other cases, I have expressed my view that, when a *pro se* habeas application gives rise to a colorable ineffective-assistance claim, based either on the substance of the pleadings or the bare face of the record, an applicant should receive appointed counsel in the interests of justice based on the statutory authority in Article 1.051(d)(3). *See, e.g., Ex parte Garcia*, No. WR-83,681-01, 2016 WL 1358947, slip op. at 16 (Tex. Crim. App. Apr. 6, 2016) (Alcala, J., dissenting). I need not further discuss here what may constitute a colorable claim in other cases because, in this case, by remanding it to the habeas court, this Court has already implicitly determined that applicant's ineffective-assistance claim is colorable. In the instant case, this Court's majority order determines that applicant has alleged facts that, if true, might entitle him to relief, or it otherwise concludes that factual development is necessary. This Court's majority order also requires the habeas court to make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and whether that performance prejudiced applicant. Having determined that applicant may be entitled to relief based on the facts that have been presented thus far, these circumstances would, in my view, justify this Court ordering the habeas court to appoint counsel in the interests of justice on remand. But, at the very least, this Court's order should accurately track the language in the Code of Criminal Procedure as a means of informing the habeas court of its obligation

---

[2]     *See, e.g., Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008) (explaining that the "interests of justice" is a concept encompassing matters such as the "fairness, integrity, or public reputation of judicial proceedings").

to appoint counsel if it determines that representation is necessary in the interests of justice.

In deciding whether to appoint habeas counsel on remand, I would encourage habeas courts to utilize the statutory authority in Article 1.051 in order to liberally appoint counsel for *pro se* applicants who, as here, appear to have colorable ineffective-assistance-of-counsel claims. As the Supreme Court has recognized, the right to the effective assistance of counsel is a "bedrock principle in our justice system," without which the very fairness and accuracy of the underlying criminal proceeding cannot be guaranteed. *Martinez v. Ryan*, 132 S. Ct. 1309, 1317 (2012). But, without the assistance of an attorney for the purpose of raising an ineffective-assistance claim, the Supreme Court has also recognized that a *pro se*, incarcerated habeas applicant will likely be unable to properly present such a claim, even if his claim is meritorious. *See id.* at 1317-18 (observing that a prisoner is in "no position to develop the evidentiary basis for a claim of ineffective assistance," and acknowledging that, "as an equitable matter," a post-conviction habeas proceeding, "if undertaken without counsel . . . may not have been sufficient to ensure that proper consideration was given to a substantial [ineffective-assistance] claim"). These are relevant factors that should be taken into account by a court in assessing whether the interests of justice require appointed counsel in any given case.[3] I further note that, because a habeas proceeding is most likely the only

---

[3] Perhaps it could be argued that, because there is no established constitutional right to habeas counsel, this Court should never remand for the appointment of counsel in the interests of justice. But this suggestion would seriously misunderstand the nature of the complaint before us. Here, the issue is the right to effective trial counsel and the systematic failure in Texas to provide an adequate vehicle to ensure that right. Direct appeal, when an indigent defendant has an absolute right to appointed counsel, fails to adequately protect the right to effective trial counsel because most

time that the effectiveness of counsel may be challenged, a habeas court should not only appoint counsel under the circumstances presented here, but it should also liberally permit the amendment of claims by that appointed habeas counsel. *See Ex parte Saenz*, No. WR-80,945-01, 2016 WL 1359214, at *4 (Tex. Crim. App. Apr. 6, 2016) (permitting filing of supplemental or amended habeas claims prior to disposition of pending application). This is necessary because it is likely that a *pro se* litigant who is unskilled in the law will have failed to properly plead and prove his claim.

The appointment of habeas counsel under these circumstances, I believe, will improve

---

ineffective-assistance claims require evidence outside the record, and the seventy-five-day window of time for resolving a motion for new trial is usually inadequate for that process. *See Trevino v. Thaler*, 133 S. Ct. 1911, 1915 (2013) (observing that the "structure and design of the Texas system[,] in actual operation, [ ] make it virtually impossible for an ineffective assistance claim to be presented on direct review") (citations omitted). And habeas-corpus review, when an indigent defendant has no absolute right to appointed counsel, similarly fails to adequately protect the right to effective trial counsel because counsel is usually needed to properly litigate ineffective-assistance claims. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1317-18 (2012) (observing that, to adequately present an ineffective-assistance claim, a prisoner "likely needs an effective attorney"; without the assistance of counsel on post-conviction review, a prisoner's ability to present an ineffective-assistance claim is "significantly diminishe[d]"). Thus, unless indigent applicants are afforded the assistance of appointed habeas counsel to raise their substantial ineffectiveness claims, Texas essentially has no adequate vehicle for defendants to litigate that issue. The characterization of the Legislature's authorization of appointed habeas counsel in the interests of justice as a mere act of legislative grace fails to acknowledge the reality that, without some means of appointing habeas counsel in this limited area of ineffective-assistance-of-counsel challenges, Texas's system fails to ensure that defendants' Sixth Amendment rights are protected and thus raises the possibility of a constitutional violation on that basis. *See id.* at 1315 (noting that it is an open question of constitutional law "whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial"; the Constitution "may require States to provide counsel in initial-review collateral proceedings because 'in these cases . . . state collateral review is the first place a prisoner can present a[n ineffectiveness] challenge to his conviction,'" thus making the collateral proceeding his "'one and only appeal' as to an ineffective-assistance claim") (quoting *Coleman v. Thompson*, 501 U.S. 722, 755-56 (1991)).

the integrity of the criminal-justice system by ensuring that defendants have received effective counsel at trial and will reduce the number of wrongfully convicted people. Aside from my disagreement with the language in this Court's order, I concur in the Court's order that remands this case to the habeas court for further factual development.

Filed: June 8, 2016

Publish