# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-17-00661-CR

---

**Austin Ray Carpenter, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 119TH DISTRICT COURT OF TOM GREEN COUNTY
### NO. B-16-0348-SB,
### THE HONORABLE MARTIN "BROCK" JONES, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Appellant Austin Ray Carpenter was placed on seven years' deferred-adjudication community supervision and ordered to pay a $1,000 fine after he pleaded guilty to aggravated assault with a deadly weapon, a second degree felony. *See* Tex. Penal Code § 22.02(a)(2). Ten months later, the trial court held a hearing on the State's amended motion to revoke appellant's community supervision. *See* Tex. Code Crim. Proc. art. 42A.108 (addressing requirements of hearing concerning defendant's alleged violation of condition of deferred community supervision).[1] The trial court revoked appellant's community supervision, adjudicated him

---

[1] At the time appellant was placed on deferred adjudication community supervision, the statutes governing community supervision were codified in article 42.12 of the Texas Code of Criminal Procedure. Effective January 1, 2017, the community supervision statutes were re-codified in chapter 42A. *See* Act of May 26, 2015, 84th Leg., R.S., ch. 770, § 1.01, 2015 Tex. Gen. Laws 2321, 2321–65. Because the recodification was a nonsubstantive revision of the community supervision laws, we cite to the current statutes in this opinion.

guilty, and assessed punishment at thirteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice with a $1,000 fine. *See* Tex. Penal Code § 12.33 (setting punishment range for second degree felony of "not more than 20 years or less than 2 years" plus "fine not to exceed $10,000"). Raising 12 issues, appellant contends that his constitutional rights were violated in the original plea proceeding and the subsequent proceeding in which the trial court revoked his community supervision, adjudicated him guilty, and assessed punishment. For the following reasons, we affirm the judgment adjudicating guilt.[2]

## Background

Appellant was arrested and indicted for committing the offense of aggravated assault with a deadly weapon, a firearm, on or about December 17, 2015. Pursuant to a plea bargain, the trial court signed an order of deferred adjudication in November 2016, accepting appellant's guilty plea but withholding a finding of guilt, placing him on deferred-adjudication community supervision for seven years, and ordering him to pay a $1,000 fine. Appellant signed a waiver and stipulation of evidence, waiving certain rights and judicially confessing that he had committed the offense of aggravated assault with a deadly weapon as charged in the indictment, and he signed a waiver of his right to file a motion for new trial and of all appellate rights. The trial court signed an order imposing conditions of community supervision, and appellant signed and initialed written admonishments that explained the consequences of violating the conditions of community supervision and the punishment range for a second degree felony.

---

[2] Pending before this Court is appellant's motion for leave of court to amend the relief requested in his reply brief. We grant this motion to the extent that appellant seeks leave to file his first amended reply brief, and we instruct the Clerk's office to file the first amended reply brief.

The State thereafter filed a motion to revoke and an amended motion to revoke appellant's deferred-adjudication community supervision and to proceed to adjudicate guilt. The State alleged that appellant had violated multiple provisions of his conditions of community supervision. Appellant pleaded "not true" to the State's allegations. Following a hearing in September 2017, the trial court found multiple violations of the conditions of community supervision by appellant, including that he had committed the offenses of possession of drug paraphernalia and a prohibited weapon.[3] The trial court revoked appellant's deferred-adjudication community supervision and found him guilty of aggravated assault with a deadly weapon as charged in the indictment. After hearing evidence on punishment, the trial court sentenced appellant to thirteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice and imposed a $1,000 fine. This appeal followed.

**Analysis**

**Original Plea Proceeding**

As part of his first and second issues and in his third through ninth issues, appellant argues this his rights under the United States and Texas Constitutions were violated in the original plea proceeding. He argues that he was denied assistance of counsel; his court-

_____

[3] The trial court's findings as to appellant's violations of the conditions of community supervision included that: (i) appellant failed to submit a statement of inability to pay to the supervision officer for the months of January and February 2017; (ii) appellant committed the offense of possession of drug paraphernalia, scales, on or about March 20, 2017; (iii) appellant committed the offense of prohibited weapon, knuckles, on or about March 20, 2017; (iv) appellant failed to avoid persons of disreputable or harmful character on or about March 20, 2017, because he was present or associated with known felons and or persons with a criminal history; (v) appellant failed to avoid persons of disreputable or harmful character on or about May 29, 2017, because he was present with or associated with a known felon and or a person with a criminal history; (vi) appellant failed to provide proof of his level of formal education as ordered by the court; and (vii) appellant violated his court-ordered curfew on or about May 29, 2017.

appointed attorneys provided ineffective assistance of counsel; he was deprived of equal protection and liberty without due process of law; he was denied reasonable bail, a speedy trial, a public jury trial, and the right to confront witnesses against him; and he was compelled to be a witness against himself. *See* U.S. Const. amends. V, VI, VIII, XIV; Tex. Const. art. 1, §§ 3, 10, 11, 15, 19, 29. His complaints primarily challenge the constitutionality of plea bargains.[4]

Appellate review of an order adjudicating guilt generally is limited to determining whether the trial court abused its discretion in determining that the defendant violated the conditions of his community supervision. *See* Tex. Code Crim. Proc. art. 42A.108(b) ("The defendant is entitled to a hearing limited to a determination by the court of whether the court will proceed with the adjudication of guilt on the original charge."); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) ("Appellate review of an order revoking probation is limited to abuse of the trial court's discretion." (quoting *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984))). "The determination to proceed with an adjudication of guilt on the original charge is reviewable in the same manner as a revocation hearing conducted under Article 42A.751(d) [of the Texas Code of Criminal Procedure] in a case in which the adjudication of guilt was not deferred." Tex. Code Crim. Proc. art. 42A.108(b); *see id.* arts. 42A.751(d) ("After a hearing without a jury, the judge may continue, extend, modify, or revoke the community supervision."), .755(e) (limiting appeal to challenges to revocation after defendant's community supervision is revoked and defendant sentenced).

---

[4] Appellant defines the term "plea bargain" to mean "a take-it-or-leave-it, State authored, boilerplate package of legal documents designed to strip defendant[s] of all of the constitutional protections provided by the Sixth Amendment and the Texas Bill of Rights."

Claims of error in the original plea proceeding must be appealed when the conditions of deferred adjudication are originally imposed.[5] *Vidaurri v. State*, 49 S.W.3d 880, 884 (Tex. Crim. App. 2001); *Manual v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999); *see* Tex. R. App. P. 25.2(a)(2) (limiting defendant's appeal in plea bargain case to "matters that were raised by written motion and ruled on before trial," "after getting the trial court's permission to appeal," or "where the specific appeal is expressly authorized by statute"); Tex. Code Crim. Proc. art. 42A.755(e) (stating that "right of the defendant to appeal for a review of the conviction and punishment, as provided by law, shall be accorded the defendant at the time the defendant is placed on community supervision"); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (explaining that courts of appeals have jurisdiction to determine whether appellant who plea-bargained was permitted to appeal under Rule 25.2(a)(2) but that court "must dismiss a prohibited appeal without further action, regardless of the basis for the appeal").

Thus, appellant may not appeal matters relating to the original plea proceeding in this appeal from the judgment adjudicating guilt. *See* Tex. Code Crim. Proc. art. 42A.108(b); *Manual*, 994 S.W.2d at 661–62. We overrule appellant's first and second issues to the extent that they challenge the original plea proceeding, and we overrule his third through ninth issues.

---

[5] The general rule that the original plea proceeding cannot be attacked in an appeal from a revocation proceeding is subject to the "void judgment" and "habeas corpus" exceptions, but neither exception applies here. *See Nix v. State*, 65 S.W.3d 664, 667–69 (Tex. Crim. App. 2001) (describing void judgment exception that recognizes there are some rare situations in which trial court's judgment is "'nullity' and can be attacked at any time" and habeas corpus exception that "essentially involves the litigation of a writ of habeas corpus at the probation revocation proceedings").

**Ineffective Assistance of Counsel**

As part of his first and second issues, appellant also argues that his court-appointed attorney during the adjudication proceeding failed to disclose that the attorney was "mentally impaired" and "ethically disqualified" because of this mental impairment, which constituted "constructive denial of representation" and "ineffective assistance of counsel per se." He also raises specific complaints about his attorney's representation during the adjudication proceeding.

To establish ineffective assistance of counsel, an appellant must demonstrate both deficient performance by counsel and prejudice suffered by the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013). The appellant must first demonstrate that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687–88; *Nava*, 415 S.W.3d at 307–08; *see also Frangias v. State*, 450 S.W.3d 125, 136 (Tex. Crim. App. 2013) (explaining that "accused is not entitled to representation that is wholly errorless" and that "reviewing court must look to the totality of the representation in gauging the adequacy of counsel's performance"). The appellant must then show the existence of a reasonable probability—one sufficient to undermine confidence in the outcome—that the result of the proceeding would have been different absent counsel's deficient performance. *Strickland*, 466 U.S. at 694; *Nava*, 415 S.W.3d at 308. "[A]n appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001) (citing *Strickland*, 466 U.S. at 697).

Appellate review of counsel's representation is highly deferential; we must "indulge in a strong presumption that counsel's conduct was *not* deficient." *Nava*, 415 S.W.3d at

6

307–08; *see Strickland*, 466 U.S. at 686. To rebut that presumption, a claim of ineffective assistance "must be 'firmly founded in the record,'" and "'the record must affirmatively demonstrate' the meritorious nature of the claim." *See Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). Rarely will the trial record by itself be sufficient to demonstrate an ineffective-assistance claim. *Nava*, 415 S.W.3d at 308. "If trial counsel has not been afforded the opportunity to explain the reasons for his conduct, we will not find him to be deficient unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Id.* (quoting *Menefield*, 363 S.W.3d at 593); *Goodspeed*, 187 S.W.3d at 392. Guided by these principles, we turn to appellant's complaints about his attorney's representation during the adjudication proceeding.

As support for his claims of "constructive denial" and ineffective assistance of counsel, appellant cites his attorney's statements to this Court in a motion to extend time to file appellant's brief. In the motion, the attorney represented that he was receiving treatment for a "debilitating severe depressive disorder." In the same motion, however, the attorney represented that he "was able to provide effective assistance to clients." Viewing the attorney's representations concerning his mental health in context, we do not find them to support appellant's claims of "constructive denial" or ineffective assistance.

Appellant also complains about specific actions and inactions by his attorney, including arguing that his attorney should have raised the constitutional issues that have been raised in this appeal in a motion for new trial. As previously stated, attacking the original plea proceeding was not a viable defense to the State's motion to revoke and, therefore, filing a motion for new trial to challenge the original plea proceeding on constitutional grounds would

7

have been futile. *See Vidaurri*, 49 S.W.3d at 884; *Manual*, 994 S.W.2d at 661–62; *see also Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991) ("Counsel is not required to engage in the filing of futile motions."); *Hollis v. State*, 219 S.W.3d 446, 456 (Tex. App.—Austin 2007, no pet) (same). Further, courts, including this Court, have concluded that a trial court is not required to consider a motion for new trial following a proceeding revoking community supervision. *See Glaze v. State*, 675 S.W.2d 768, 769 (Tex. Crim. App. 1984) (noting that "since a revocation of probation is a proceeding tried before the court and not before a jury, the trial court is not required even to consider a motion for new trial"); *Beckett v. State*, No. 07-10-00297-CR, 2011 Tex. App. LEXIS 4353, at *7–8 (Tex. App.—Amarillo June 8, 2011, pet. ref'd) (mem. op., not designated for publication) (stating that court was "unable to see why the principle the Court of Criminal Appeals enunciated in *Glaze* should apply differently in deferred adjudication revocations"); *McClinton v. State*, Nos. 03-97-00320-CR, 03-97-00321-CR, 1998 Tex. App. LEXIS 42, at *6–7 (Tex. App.—Austin Jan. 8, 1998, no pet.) (not designated for publication) ("No rule requires the trial court to consider a motion for new trial after revocation of probation or community supervision."). Additionally, appellant has not pointed us to evidence in the record that would support rebutting the presumption that the attorney counseled appellant about the merits of filing a motion for new trial but that appellant rejected this option. *See Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007) (discussing rebuttable presumption); *Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998) (same).

Appellant also argues that he was without an attorney for part of the time period for filing a motion for new trial and during the "critical phase" of his appeal. He asserts that he did not have an attorney from October 9, 2017, the date his notice of appeal was filed, until

8

July 12, 2018, when his appellate counsel was appointed. Appellant's former attorney, however, was the attorney of record for defendant until his appellate counsel was appointed. *See* Tex. Code Crim. Proc. art. 26.04(j)(2) (requiring attorney appointed to represent indigent defendant to represent defendant "until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel"); *see also Smith v. State*, 17 S.W.3d 660, 662–63 (Tex. Crim. App. 2000) (explaining that rebuttable presumption exists that trial counsel continues to effectively represent defendant during time period for filing motion for new trial when counsel has not withdrawn from representation after sentencing and is not replaced by new counsel); *Oldham*, 977 S.W.2d at 363 (same).

As to appellant's other complaints about his attorney's representation during the adjudication proceeding, they include that his attorney "did absolutely nothing to prepare for trial," allowed "prosecution witnesses [to testify] to hearsay, upon hearsay, upon hearsay—all without objection," and failed to call witnesses other than appellant. For purposes of claims of ineffective assistance of counsel, however, the failure to call witnesses "is irrelevant absent a showing that such witnesses were available and that appellant would benefit from their testimony." *Perez v. State*, 310 S.W.3d 890, 894 (Tex. Crim. App. 2010); *see Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004) ("To obtain relief on an ineffective assistance of counsel claim based on an uncalled witness, the applicant must show that [the witness] had been available to testify and that his testimony would have been of some benefit to the defense."). Appellant complains about the attorney's failure to call an expert to testify about appellant's "medical, mental, and social problems"; "family members, friends, or the so-called co-defendant, who was willing to exonerate [appellant]"; and "three other witnesses to the incident, all of whom could testify that [appellant] did not have a weapon during the incident," but the record

9

fails to identify that any such witnesses were available to testify during the adjudication proceeding or that their testimony would have benefited appellant.

We further observe that the record is silent as to why the attorney acted or failed to act in the manner that appellant now complains about on appeal. Consequently, the record before this Court is not sufficiently developed to allow us to evaluate the attorney's supposedly deficient performance. Absent record evidence regarding counsel's strategy or reasoning, we will presume he exercised reasonable professional judgment. *See Frangias*, 450 S.W.3d at 136 ("[U]nless there is a record sufficient to demonstrate that counsel's conduct was not the product of an informed strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate 'unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.'") (quoting *Goodspeed*, 187 S.W.3d at 392); *Hill v. State*, 303 S.W.3d 863, 879 (Tex. App.—Fort Worth 2009, pet. ref'd) ("In the absence of direct evidence in the record of counsel's reasons for the challenged conduct, an appellate court will assume a strategic motivation if any can be imagined." (citing *Garcia*, 57 S.W.3d at 441)).

Appellant has failed to rebut the "strong presumption that counsel's performance fell within the wide range of reasonably professional assistance." *See Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). We cannot say that "no reasonable trial strategy could justify" counsel's complained-of conduct. *Id.* at 143. Nor can we conclude that counsel's conduct was "so outrageous that no competent attorney would have engaged in it." *See Menefield*, 363 S.W.3d at 593; *see also Ex parte Jimenez*, 364 S.W.3d 866, 883 (Tex. Crim. App. 2012) ("The mere fact that another attorney might have pursued a different tactic at trial does not suffice to prove a claim of ineffective assistance of counsel."). Looking to the totality

10

of the attorney's representation, we cannot conclude that the attorney's performance fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. 687–88; *Frangias*, 450 S.W.3d at 136.

We also cannot conclude that the attorney's complained-of conduct prejudiced appellant. *See Strickland*, 466 U.S. at 687–88; *Nava*, 415 S.W.3d at 307–08. To show prejudice, an appellant must prove that counsel's errors, judged by the totality of the representation, not by isolated incidences of error or by a portion of the trial, denied him a fair trial. *Strickland*, 466 U.S. at 686. The evidence showed that appellant violated the conditions of his community supervision by, among other acts, associating with known felons and possessing drug paraphernalia and a prohibited weapon, and the trial court found multiple violations. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision." (quoting *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. 1978))). Appellant would have had to prove ineffective assistance as to each of the trial court's findings that led to his adjudication in order to obtain a reversal, but his own testimony at the hearing supported the trial court's findings as to several of the violations. *Id.* at 342–43.

Further, evidence during the adjudication hearing showed the seriousness of the crime. *See* Tex. Code Crim. Proc. arts. 37.07, § 3(a)(1) (authorizing court to consider evidence as to any matter that court deems relevant to sentencing including "circumstances of the offense for which he is being tried"), 42A.755(a)(1) (authorizing trial court to dispose of case "as if there had been no community supervision"). The aggravated assault occurred during a drug-related dispute in a hotel room in the middle of the day; gunshots were fired in the room with one shot traveling across the parking lot; appellant and the co-defendant were working together and

passed the gun between each other; appellant "grabbed" one of the victims "from behind and began choking her by the neck"; the co-defendant threatened one of the victims by pointing a gun within inches of the victim's face; and the co-defendant attempted to shoot one of the victims in the back of the head but the gun malfunctioned.[6]  During his testimony, appellant denied that the gun was in his possession or that he grabbed the victim, but he admitted that he was involved in the incident and that it was "really hard to recall most of the incident that happened at that hotel because there was Xanax involved, too, so it's hard to recall most of everything that happened there."  We also observe that the trial court assessed punishment within the allowable range for second degree felonies.  *See* Tex. Penal Code § 12.33 (stating punishment range for second degree felony of "not more than 20 years or less than 2 years").

Judging the totality of the attorney's representation, we conclude that appellant has not demonstrated deficient performance by his attorney or prejudice.  Thus, we overrule appellant's first and second issues to the extent that he challenges his attorney's representation during the adjudication proceeding.

**Punishment**

In his tenth issue, appellant argues that his sentence of thirteen years "lacks proportionality and constitutes cruel and unusual punishment" in violation of the Eighth and Fourteenth Amendments of the United States Constitution and sections 13, 19, and 29 of article 1 of the Texas Constitution.  U.S. Const. amends. VIII, XIV; Tex. Const. art. 1, §§ 13, 19, 29.

---

[6]  An investigating detective testified that video-surveillance footage from outside the hotel room into the parking lot showed the co-defendant exiting the hotel room and pointing the gun at the back of one victim's head and that it "appeared that there was an attempted shot."  In his briefing to this Court, appellant describes the co-defendant as a "perpetual felon . . . who was actually caught on video attempting to murder a fleeing drug dealer with a handgun."

Appellant relies on "the fact that the State, itself, initially elected to dismiss the entire charge against [appellant] without a conviction, and without any prison time, if he agreed to abide by probation conditions imposed by the State." He further argues that he had a "minor, bystander role in the aggravated assault scenario"; his sentence was "approximately twice the actual prison time" that the co-defendant, "the man with the gun who tried to kill someone," would "actually serve"; and his sentence was "more severe than approximately 70% of the 16,000 men in Texas prisons today" for aggravated assault with a deadly weapon.

Because appellant did not object or otherwise raise such complaint with the trial court, he has not preserved this issue for our review. *See* Tex. R. App. P. 33.1(a)(1); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (concluding that complaint about constitutional right to be free from cruel and unusual punishment was forfeited); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court.").

Further, even if he had preserved this issue for our review, we would conclude that his sentence—within the middle of the applicable punishment range—is not grossly disproportionate and does not constitute cruel and unusual punishment. *See* Tex. Penal Code § 12.33 (setting punishment range for second degree felony); *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016) (setting out test for determining whether sentence for term of years is grossly disproportionate for particular crime and observing U.S. Supreme Court's emphasis that "sentence is grossly disproportionate to the crime only in the exceedingly rare or extreme case" (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003))); *King v. State*, Nos. 03-12-00776-CR, 03-12-00777-CR, 03-12-00778-CR, 2013 Tex. App. LEXIS 4528, at *5 (Tex. App.—Austin

13

Apr. 10, 2013, pet. ref'd) (mem. op., not designated for publication) (explaining that "[i]t is well established that a sentence falling within the applicable range of punishment generally does not violate the Eighth Amendment" but that "cases involving 'extreme sentences' that are 'grossly disproportionate' to the offense" may be considered cruel and unusual); *Gonzalez v. State*, No. 03-11-00282-CR, 2012 Tex. App. LEXIS 5065, at *8 (Tex. App.—Austin June 22, 2012, pet. ref'd) (mem. op., not designated for publication) (explaining that "it is well settled that as long as the punishment assessed is within the range prescribed by the legislature in a valid statute, the punishment is not considered excessive, cruel, or unusual"). We overrule appellant's tenth issue.

**Motion to Abate**

In his eleventh and twelfth issues, appellant contends that this Court erred when it denied his motion to abate to allow the trial court to consider an out-of-time motion for new trial. *See* Tex. R. App. P. 21.4 (requiring motion for new trial to be filed within thirty days of date that trial court imposes or suspends sentence in open court). Appellant also argues that his constitutional rights have been abridged "by his disparate treatment as an indigent person in regard to his right and his opportunity to seek relief" from his "unlawful" conviction through habeas corpus because the appointment of an attorney is discretionary. *See* Tex. Code Crim. Proc. art. 1.051(d)(3) (stating that indigent defendant is entitled to have trial court appoint attorney to represent him in "habeas corpus proceeding if the court concludes that the interests of justice require representation"). This Court denied his motion to abate without explanation.

In his motion and briefing, appellant relies on the concurring opinion in *Griffith v. State*, 507 S.W.3d 720, 721 (Tex. Crim. App. 2016) (Hervey, J., concurring), and his position that he was without an attorney for part of the time period for filing a motion for new trial—from

14

October 9, 2017, the date his attorney filed the notice of appeal—to October 15, 2017. In the concurring opinion in *Griffith*, Justice Hervey explains that, when a defendant has been denied effective representation at the motion-for-new-trial stage and harmed by that violation, the "proper remedy is to 'reset the appellate deadlines and abate the appeal,' allowing an out-of-time motion for new trial to be filed." *Id.* "To prove harm, the defendant must present at least one 'facially plausible' claim to the court of appeals that could have been argued in a motion for new trial but was not due to ineffective assistance of counsel." *Id.* We have already concluded that appellant was represented by counsel during the entire time period for filing a motion for new trial in our analysis of his ineffective assistance claim. Further, based on this same analysis, we conclude that appellant has failed to prove harm. *See id.* We overrule appellant's eleventh and twelfth issues.

### Conclusion

Having overruled appellant's issues, we affirm the judgment adjudicating guilt.

_____
Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed: October 15, 2019

Do Not Publish

15