**Affirm and Opinion Filed January 21, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-01085-CR
## No. 05-19-01086-CR

**EDUARDO GUADALUPE GONZALEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 382nd Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 2-19-0187**

## MEMORANDUM OPINION

Before Chief Justice Burns,[1] Justice Pedersen, III, Justice Goldstein[2]
Opinion by Justice Pedersen, III

A jury convicted appellant of two counts of aggravated sexual assault of a child and assessed his punishment at thirty years' confinement in the Institutional Division of the Texas Department of Criminal Justice in each case. In a single issue, appellant argues he received ineffective assistance of counsel. We affirm.

---

[1] The Honorable Justice David L. Bridges participated in the submission of this case; however, he did not participate in the issuance of this memorandum opinion due to his death on July 25, 2020. Chief Justice Robert Burns has substituted for Justice Bridges in this cause.

[2] The Honorable Justice Bonnie Goldstein succeeded the Honorable Justice David Evans, a member of the original panel. Justice Goldstein has reviewed the briefs and the record before the Court.

## Background

Appellant and the complainant attended the same high school and met on Instagram. They agreed to meet up at a Walmart, and after meeting there, they drove their own cars to a nearby park where they were to meet up with friends of appellant. Once at the park, they got into appellant's car. The complainant testified that, although she told him to stop, appellant forcibly penetrated her sexual organ and then forced her to engage in oral sex. Appellant concedes that the two had sex on that occasion, but he testified that the sex was consensual. At the time of the charged offense, the evidence showed that appellant was seventeen years old; the complainant was fifteen.

Appellant was charged with two counts of aggravated sexual assault of the complainant by penetrating both her mouth[3] and her sexual organ[4] with his sexual organ. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (ii); (a)(2)(A)(ii), (iv). In each charge, jurors were asked whether appellant committed aggravated sexual assault or the lesser included offense of sexual assault. Jurors found him guilty, in both cases, of aggravated sexual assault.

This appeal followed.

---

[3] This is trial court case number 2-19-0187 and our case number 05-19-01085-CR.

[4] This is trial court case number 2-19-0188 and our case number 05-19-01086-CR.

## Ineffective Assistance of Counsel

Appellant argues that his trial counsel was ineffective because he failed to request a jury question on the lesser included offense of indecency with a child. He observes that both submitted questions—aggravated sexual assault and sexual assault—include an element of force or lack of consent. Thus, jurors were given only the choice between agreeing that force was used and acquitting appellant. He acknowledges that it would have been difficult for jurors to choose acquittal—even if they found his testimony credible—when he had acknowledged having sex with a minor. He contends that if offered the further option of indecency with a child, the jurors could have believed his testimony that there was consent, but still found him guilty and punished him for having sex with a minor.

The offense of indecency with a child requires proof the defendant engaged in sexual contact with a child younger than seventeen years of age, PENAL § 21.11(a), which appellant admitted to at trial. Thus, he contends, the facts "fit" this offense. He contends further that the facts fit an affirmative defense to indecency of a child, namely that he:

> (1) was not more than three years older than the victim and of the opposite sex;
>
> (2) did not use duress, force, or a threat against the victim at the time of the offense; and
>
> (3) at the time of the offense:
>
>> (A) was not required under Chapter 62, Code of Criminal Procedure, to register for life as a sex offender; or

(B) was not a person who under Chapter 62 had a reportable conviction or adjudication for an offense under this section.

*Id.* § 21.11(b). Had his counsel requested the indecency submission, appellant argues, the result of the trial could have been very different.

The State concedes that indecency with a child can be a lesser included offense of aggravated sexual assault, citing *Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009). But it argues that (1) the record is insufficiently developed for us to determine whether appellant's counsel was ineffective for not requesting the jury question, and (2) given the complainant's testimony, "a jury could not rationally have found that if [appellant] was guilty, he was guilty only of indecency with a child." We conclude the State's first argument is dispositive, and therefore we do not reach the issue of the viability of the lesser included offense in this case.

To prevail on an ineffective assistance of counsel claim, appellant must prove by a preponderance of the evidence that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). We examine the totality of counsel's representation to determine whether appellant received effective assistance. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We do not judge counsel's strategic decisions in hindsight, and we strongly presume counsel's competence. *Id.* Any allegation of ineffectiveness must be firmly founded

in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* In most cases, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *Id.* at 813–14. When the record contains no evidence of the reasoning behind the trial counsel's actions, we cannot conclude that counsel's performance was deficient. *See Jackson v. State*, 877 S.W.2d 768, 772 (Tex. Crim. App. 1994).

In this case, appellant did not file a motion for new trial. Thus, the record provides no discernible explanation of the motivation behind counsel's decision for which appellant claims harm. We will not speculate as to counsel's possible motives. "Ineffective assistance of counsel claims are not built on retrospective speculation; they must 'be firmly founded in the record.'" *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002) (quoting *Thompson*, 9 S.W.3d at 813–14). No such record exists in this case. Accordingly, we cannot say that appellant received ineffective assistance from his counsel.

We overrule appellant's single issue.[5]

---

[5] Because the reasonableness of counsel's choices often involves facts that do not appear in the appellate record, a petition for writ of habeas corpus is usually the appropriate vehicle to investigate ineffective assistance claims. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). The Texas Code of Criminal Procedure entitles an indigent habeas applicant to appointed post-conviction counsel whenever the court concludes that the interests of justice require representation. TEX. CRIM. PROC. ANN. art. 1.051(d)(3); *see also Ex parte Garcia*, 486 S.W.3d 565, 578 (Tex. Crim. App. 2016) (Alcala, J. dissenting) ("The existing statutes, therefore, provide an adequate basis upon which to conclude that appointment of counsel is required in any case in which either the pleadings or the face of the record gives rise to a colorable, nonfrivolous claim for which legal expertise is required in order to ensure that the claim is afforded meaningful consideration."); *Mercado-Pena v. State*, No. 05-18-01008-CR, 2020 WL 1685336, at *6, n.5 (Tex. App.—Dallas Apr. 7, 2020, pet. ref'd) (mem. op.; not designated for publication).

## Conclusion

We affirm the trial court's judgments.

/Bill Pedersen, III//

BILL PEDERSEN, III
JUSTICE

191085f.u05
191086f.u05
Do Not Publish
TEX. R. APP. P. 47



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

EDUARDO GUADALUPE
GONZALEZ, Appellant

No. 05-19-01085-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 382nd Judicial
District Court, Rockwall County,
Texas
Trial Court Cause No. 2-19-0187.
Opinion delivered by Justice
Pedersen, III. Chief Justice Burns and
Justice Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 21st day of January, 2021.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EDUARDO GUADALUPE
GONZALEZ, Appellant

No. 05-19-01086-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the 382nd Judicial
District Court, Rockwall County,
Texas
Trial Court Cause No. 2-19-0188.
Opinion delivered by Justice
Pedersen, III. Chief Justice Burns and
Justice Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 21st day of January, 2021.